IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SYRACUSE UNIVERSITY,

        Plaintiff,

  v.                                  Civ. Action No.
                                      5:09-CV-0172 (FJS/DEP)

OTIS ELEVATOR COMPANY,

        Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

SUGARMAN, WALLACE LAW FIRM    JAMES G. STEVENS , JR., ESQ.
211 West Jefferson Street
Syracuse, NY 13202

FOR DEFENDANT:

BURDEN, GULISANO LAW FIRM      JONATHAN S. HICKEY, ESQ.
605 Brisbane Building
403 Main Street
Buffalo, NY 14203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

      This action, which was commenced by plaintiff Syracuse University

("SU") in New York State Supreme Court and subsequently removed to this court by the defendant, Otis Elevator Company ("Otis"), involves a fire that occurred in the SU Hall of Languages in December of 2006. In its complaint, SU alleges that the fire originated in a closet or cabinet containing equipment maintained by Otis, pursuant to contract, and seeks recovery of damages incurred as a result of the fire, including clean-up costs paid to outside vendors.

On April 9, 2009, the court conducted a conference in the action pursuant to Rule 16 of the Federal Rules of Civil Procedure. Following that conference, a Uniform Pretrial Scheduling Order ("UPSO") was issued on April 10, 2009 establishing deadline dates to govern the progression of the case including, *inter alia*, a deadline of March 1, 2010 for completion of all discovery and, as is consistent with the court's normal practice, expert disclosure deadlines calculated based upon that discovery deadline. Dkt. No. 6. Consistent with the provisions of Rule 16 of the Federal Rules of Civil Procedure, that UPSO advised that

> **THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P. RULE 26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION BY THE PARTIES, ABSENT GOOD CAUSE. SEE Fed. R. Civ. P. 16(b)**

2

*Id.* (Emphasis in Original).

Since the issuance of the UPSO certain of the controlling deadline dates in the action have been extended by the court on multiple occasions. On June 29, 2009, for example, the deadlines for joinder of parties and amendment of pleadings was extended until September 1, 2009, based upon a letter request from the defendant. *See* Dkt. Entry dated 6/29/09.

On November 3, 2009, the court held a telephone conference in connection with the action. During that conference the deadlines for joinder and amendment were further extended, again at defendant's request, as were the discovery deadline, which was reset to September 3, 2010, and the motion filing deadline, which is currently November 15, 2010. *See* Dkt. Entry Dated 11/3/09. During that conference the parties were reminded of the expert disclosure schedule, and that under the revised scheduled, plaintiff's expert disclosure would be due on or about June 1, 2009.

On January 21, 2009, the court yet again extended the deadline for joinder and amendment, also at the request of defendant Otis; when that extension was made, the court advised that "[n]o further extensions will be

granted." *See* Dkt. Entry Dated 1/21/10.  That extension was granted based upon discussions held during a telephone conference conducted on January 21, 2010, during which I reiterated that there would be no further extensions and again pointed out the expert disclosure deadline including that plaintiff's expert disclosure was due on June 1, 2000.

A follow-up telephone status conference was held in the case on May 4, 2010.  During that conference plaintiff advised that he had made some expert disclosure and intended to meet the deadline for submission of plaintiff's remaining expert disclosures.  Defendant Otis reported that it would be making its expert disclosure prior to the mid-July deadline.  I urged the parties during that conference to schedule expert depositions, and advised them that I would not extend the September 3, 2010 discovery deadline.

By letter dated June 25, 2010, defendant's counsel requested that the deadline for completion of the discovery in the action be extended to November 5, 2010.  Dkt. No. 12.  As a basis for the requested extension, defendant's counsel argued that discovery of fact witnesses was necessary for use by the retained experts to offer opinions, and that those depositions had not yet occurred.  *See id.*  Counsel noted, parenthetically,

that party depositions previously scheduled for June 23 and 24, 2010 were adjourned at defendant's request. *Id.* The requested extension was denied by summary order issued on June 28, 2010.

Since the issuance of that summary order defendant has requested reconsideration of the court's determination. A telephone conference was conducted on June 29, 2010 to address the request. During that conference plaintiff noted that it did not object to the requested extension. Despite that, finding no good cause to further extend the controlling deadlines, I denied the request and indicated I would issue a written decision setting forth my reasoning.

Rule 16 of the Federal Rules of Civil Procedure provides that, with exceptions not relevant to this matter, a court must issue a scheduling order in a civil action governing the progression of the case, and requires that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The rule also provides that once issued, such a scheduling order "may be modified only for good cause and with the judge's consent". Fed. R. Civ. P. 16(b)(4). In addition, Local Rule 16.1, which mirrors Rule 16, expressly warns that "[t]his Court shall strictly enforce any deadlines

5

that it establishes in any case management order, and the Court shall not modify these, even upon stipulation of the parties, except upon a showing of good cause." N.D.N.Y.L.R. 16.1(f).

"The importance of the USPO to a district court's effective control and management of a case, cannot be overstated." *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. April 24, 2003). "To be sure, '[a scheduling order] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Gestetner Corp v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). Deadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines established by the court, in consultation with the litigants, intended to insure that the ends of justice and the need for prompt and efficient adjudication of controversies are met.

"A district court has broad discretion 'to direct and manage the pre-trial discovery process.'" *McKay v. Triborough Bridge and Tunnel Auth., et al.*, No. 05 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007) 2007) (Sullivan, D.J.) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)). In order to obtain relief from the discovery schedule, a

party must demonstrate why good cause exists to modify the schedule. *Id.* To demonstrate good cause "a party must show that despite their diligence the time table could not have reasonably been met." *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (citations omitted). "Good cause requires a greater showing than excusable neglect." *Duval v. U.S Xpress Enterprises, Inc.*, 03-CV-812, 2005 WL 6021864, at *2 (N.D.N.Y. Oct. 13, 2005) (Homer, M.J.) (internal quotations omitted) (quoting *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). Good cause may be established by "demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines in the USPO." *Kassim*, 221 F.R.D. at 366 (citing *Corkrey v. Internal Rev. Serv.*, 192 F/R/D/ 66. 67 (N.D.N.Y. 2000). If the moving party cannot establish diligence then the court's inquiry should end there. *Id.*

This case has progressed at an unacceptably slow pace. Despite the fact that the action has been pending since February 16, 2009, the parties report that only "[p]aper discovery has virtually been completed", and plaintiff has disclosed its experts. *See* Dkt. No. 12. No depositions, however, have yet been taken in the case.

The deadlines contained in the UPSO issued in the case represented a fully integrated schedule intended to lead to trial in late 2010 or early 2011.  To grant the requested extension would invariably result in extension of the motion filing deadline, and a corresponding adjournment of the contemplated trial.   The reasons offered in defendant's letter requesting extension of the court's established deadlines fall far short of demonstrating good cause for the requested extension and disclose no unforeseen circumstances that were not contemplated, or could not have been foreseen, by the parties at the time the schedule in this case was issued.  Indeed, defendant has not demonstrated the diligence necessary to establish good cause and to justify upsetting the current schedule.[1]  "Strict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine.  But if the courts do not take seriously their own scheduling orders who will?"  *Carnrite*, 175 F.R.D. at 448.

---

[1] The court's denial of defendant's request does not preclude the parties, by agreement, from continuing pretrial discovery, including conducting depositions, after the discovery deadline.  The parties should be advised, however, that the motion filing deadline in this action will not be adjusted, and the court will not intervene to resolve any discovery disputes arising out of discovery occurring after expiration of the deadline.

Based upon the foregoing, the court concluding that defendant has failed to establish good cause for granting relief from the discovery deadline of September 3, 2010, it is hereby

ORDERED that defendant's request for reconsideration of the denial of its request for an extension of the discovery deadline in this case be and hereby is DENIED in all respects; and it is further

ORDERED, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(a), the parties are hereby advised that an appeal may be taken from this ruling to Senior District Judge Frederick J. Scullin. Any such appeal must be filed fourteen days from the date of this order.

ORDERED, that clerk promptly forward copies of this order electronically to counsel for the parties.

David E. Peebles
U.S. Magistrate Judge

Dated:   July 1, 2010
         Syracuse, NY